| | |
|---|---|
| JASPAN SCHLESINGER LLP<br>*Attorneys for Secured Creditor,*<br>*JPMorgan Chase Bank, N.A.*<br>300 Garden City Plaza<br>Garden City, New York 11530<br>(516) 393-8289<br>Frank C. Dell'Amore, Esq. | Return Date and Time:<br>May 4, 2010 at 10:00 a.m.<br>Response Deadline:<br>April 27, 2010 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                                    Chapter 11

        1280 M & F MANAGEMENT LLC                  Case No.:  10-22259-rdd

                                      Debtor.
------------------------------------------------------------------------x

## NOTICE OF MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE GRANTING RELIEF FROM THE AUTOMATIC STAY

      **PLEASE TAKE NOTICE,** that on May 4, 2010 at 10:00 a.m., secured creditor, JPMorgan Chase Bank, N.A., ("JPMC") will move before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, or as soon thereafter as counsel can be heard for an Order:  pursuant to §362(d) of the United States Bankruptcy Code and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure to vacate the automatic stay to permit JPMC to complete its foreclosure and subsequent eviction actions on 1274-1280 Pacific Street, Brooklyn, New York; and (b) such other and further relief as this court deems just and proper.

      **PLEASE TAKE FURTHER NOTICE,** Objections to JPMC's application shall be filed as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182), which may be accessed through the Internet at the Bankruptcy Court's website, www.nyeb.uscourts.gov, using Netscape Navigator software version 3.0 or higher; and (ii) in

portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Robert D. Drain, and a hard copy shall be served upon JPMC's counsel, Frank C. Dell'Amore, Esq., Jaspan Schlesinger LLP, 300 Garden City Plaza, 5th Floor, Garden City, New York 11530; attorney for the Debtors, Mark Frankel, Esq., Backenroth Frankel & Krinsky, LLP, 489 Fifth Avenue, New York, New York 10017 and filed with the Clerk of the Bankruptcy Court, with a copy to Chambers on or before 4:00 p.m. on April 27, 2010.

Dated: Garden City, New York
April 9, 2010

                              JASPAN SCHLESINGER LLP.
                              *Attorneys for JPMorgan Chase Bank, N.A.*

By: _____
     Frank C. Dell'Amore
     300 Garden City Plaza
     Garden City, New York 11530
     (516) 393-8289

| JASPAN SCHLESINGER LLP | Return Date and Time: |
| --- | --- |
| *Attorneys for Secured Creditor* | May 4, 2010 at 10:00 a.m. |
| *JPMorgan Chase Bank, N.A.* | Response Deadline: |
| 300 Garden City Plaza | April 27, 2010 |
| Garden City, New York 11530 | |
| (516) 393-8289 | |
| Frank C. Dell'Amore, Esq. | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                                    Chapter 11

      1280 M & F MANAGEMENT LLC                        Case No.:  10-22259-rdd

                                    Debtor.
------------------------------------------------------------------------x

## AFFIRMATION IN SUPPORT OF MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE GRANTING RELIEF FROM THE AUTOMATIC STAY

TO:   THE UNITED STATES BANKRUPTCY COURT
        SOUTHERN DISTRICT OF NEW YORK

      JP Morgan Chase Bank, N.A., ("**JPMC**"), by its attorneys, Jaspan Schlesinger LLP, moving for the entry of an order, (a) pursuant to 11 U.S.C. §362(d) and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, granting JPMC relief from the automatic stay, in order to allow JPMC to continue with its foreclosure of the real property located at 1274-1280 Pacific Street, Brooklyn, New York (the "**Property**") and permit subsequent eviction actions on the Property; and (b) for such other, further and different relief as this Court deems just and proper, respectfully sets forth and represents the following under the penalty of perjury:

      1.     It is respectfully submitted that JPMC is entitled to an order granting it relief from the automatic stay to continue its state court foreclosure action against the Property because there is no equity in this property and it is not necessary to an effective reorganization which is in prospect.

A. Relevant Background

2. The real party in interest in this proceeding is JPMorgan Chase Bank, N.A., as purchaser of the Note and Mortgage and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A. (the "**Savings Bank**") from Federal Deposit Insurance Corporation, acting as receiver for the Savings Bank and pursuant to its authority under the Federal Deposit Insurance Act, 125 U.S.C. 1821(d) (hereinafter referred to as "**JPMC**").

3. JPMC is the owner and holder of an Amended and Restated Promissory Note dated June 22, 2006 in the original principal amount of $3,075,000.00 made by 1280 M & F Management LLC (the "**Note**"). A copy of the Note is annexed hereto as Exhibit A.

4. The Note is secured by An Amended and Restated Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Filing, dated June 22, 2006 (the "**Mortgage**") on the Property. A copy of the Mortgage is annexed hereto as Exhibit B. The Mortgage was duly recorded in the Office of the City Register for the City of New York in CRFN 2006000429532 on July 28, 2006.

5. Pursuant to the Purchase and Assumption Agreement (the "**Agreement**") between the Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank and JPMorgan Chase Bank, National Association, dated September 25, 2008, JPMC acquired all the loans of Washington Mutual Bank. A copy of the Agreement is annexed hereto as Exhibit C.

6. Furthermore, as set forth in the Affidavit of the Federal Deposit Insurance Corporation annexed hereto as Exhibit D, JPMC became the owner of the notes and mortgages defined herein by operation of law.

7. JPMC commenced an action to foreclose the Mortgage by filing the Summons and Verified Complaint on January 11, 2010 under Index No. 694/10. A copy of the Summons and Verified Complaint are annexed hereto as Exhibit E.

8. JPMC has filed a proof of claim with respect to the Note and Mortgage in the amount of $3,164,608.85.

B. The Automatic Stay Should be Modified to Permit
JPMC to Exercise Its State Law Remedies

9. By the instant motion (the "**Motion**"), JPMC, pursuant to section 362(d) of the Bankruptcy Code, seeks relief from the automatic stay to continue the foreclosure action against the Property. If the instant motion to lift stay is granted, JPMC agrees to come back to this Court if this case is still pending before entering a deficiency judgment against the Debtor in the State Court.

10. Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>     (A) the Debtor does not have equity in such property; and
>     (B) such property is not necessary to an effective reorganization

11 U.S.C. § 362(d)(2006).

11. To be awarded relief from the stay of an act against property, a creditor must first prove that there is no equity in the debtor's property. 11. U.S.C. § 362(d)(2)(A). To determine that there is no equity in the property, it must be shown that the debts secured by the liens on the property exceed its value. In re Country Squire Assocs., 1997 Bankr. Lexis 1163, at 819 (B.A.P. 2d Cir. 1997); see also In re New Era Comp., 125 B.R. 725, 728-29 (S.D.N.Y. 1991) (noting that equity is the difference between the value of the property and the total amount of all liens against it); In re Diplomat Electronics Corp., 82 B.R. 688, at 692 (Bankr. S.D.N.Y. 1988).

12. As of the filing date of this case, February 12, 2010, there is due and owing to JPMC on the Note and Mortgage $3,164,608.85 as more fully described in the Certification of Randolph K. Duran, Special Credits Officer of JPMC, which is annexed hereto as Exhibit F.

13. Debtor's Voluntary Petition and accompanying schedules lists the market value of the Property at $1,500,000.00, thus admitting that there is no equity in the Property.

14. Annexed hereto as Exhibit G is an appraisal of the Property dated January 20, 2010.

15. The appraisal shows that the "as is" market value of the Property is $2,350,000 and the stabilized value is $2,400,000.

16. In addition, there is currently $915.44 due and owing on the Property for emergency repairs made by the City of New York.

17. Therefore, there is no equity in the Property pursuant to Section 362(d)(2)(a).

16. Section 362(d) of the United States Bankruptcy Code sets worth two prongs which must be satisfied in order to grant a creditor relief of stay under chapter 11. 11 U.S.C.A. 362(d)(2006). In United Savings Association of TX v. Timbers of Inwood Forest Associates, the Supreme Court examined and analyzed the second prong, which states that relief would be granted if "such property is not necessary to an effective reorganization." 484 U.S. 365, 375-76 (1988). The Court concluded that it is insufficient to establish that under the prospect of a reorganization, the property in question would be needed; but rather, the debtor must demonstrate that the "property is essential for an effective reorganization that [already] is in prospect." Id.; *see also* In re Pegasus Agency, Inc. v. Grammatikakis, 101 F.3d 882, 886 (2d Cir. 1996). Furthermore, the debtor has the burden to establish that its proposed plan has a "reasonable prospect of success within a reasonable time." In re 68 West 127 St., LLC, 285 B.R. 838, 848 (S.D.N.Y. 2002).

4

18. Once a movant under section 362(d)(2) has established that there is no equity in the collateral, the burden is on the debtor to establish that the collateral at issue is in fact necessary to an effective reorganization. See 11 U.S.C. § 362(g). This burden requires more than a mere showing that reorganization is conceivable and that the property in issue will be needed for it. United Sav. Ass'n v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 375 (1988). Instead, the debtor must demonstrate that "the property is essential for the effective reorganization that is in prospect." Id. Finally, there must be "a reasonable possibility of successful reorganization within a reasonable time." In re Timbers of Inwood Forest Assoc., Ltd., 808 F.2d 363, 370-71 (1987).

19. The Debtor cannot meet its burden that the Property is necessary to an effective reorganization under 362(d)(2)(b).

20. Debtor has failed to show that the income derived from the Property is sufficient for an effective reorganization.

21. The Debtor's continued possession of the Property will not enhance its ability to reorganize and is certainly not essential for an effective reorganization.

22. Moreover, there has not been any indication that there is a reasonable possibility of an effective reorganization within a reasonable time.

23. By reason of the foregoing, JPMC should be granted relief from the stay imposed by Section 362 of the Bankruptcy Code, in order to continue the foreclosure action and permit the eviction of the tenants thereafter.

FCD/D698670v1/M055403/C0085700

WHEREFORE, JPMC respectfully requests that the automatic stay be vacated in order to enable JPMC to continue its foreclosure action and permit the eviction of the tenants thereafter, and for such other, further and different relief as this Court deems just and proper.

Dated: Garden City, New York
April 9, 2010

                        JASPAN SCHLESINGER LLP.
                        *Attorneys for JPMorgan Chase Bank, N.A.*

By: _____
                        Frank C. Dell'Amore
                        300 Garden City Plaza
                        Garden City, New York 11530
                        (516) 393-8289

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

1280 M & F MANAGEMENT LLC                                       Case No.: 10-22259-rdd

                    Debtor.
------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, dated April 9, 2010 (the "Motion"), of JPMorgan Chase Bank, N.A. (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in 1274-1280 Pacific Street, Brooklyn, New York (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on May 4, 2010 and there being no objection to the Motion; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under sections 362(d)(1) & (2) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and it is further

ORDERED that the Creditor shall promptly report and turn over to the chapter trustee any surplus monies realized by any sale of the Property.

Dated: _____, 2010
       White Plains, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE