UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                    Chapter 11

       1280 M & F MANAGEMENT LLC                Case No.: 10-22259-rdd

                            Debtor.
------------------------------------------------------------------------x

**STIPULATION PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion, dated April 9, 2010 (the "Motion"), of JPMorgan Chase Bank, N.A. (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in 1274-1280 Pacific Street, Brooklyn, New York (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties, the parties have stipulated and agreed as follows:

1. The automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under sections 362(d)(1) and (2) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property, except that the Creditor shall not seek the appointment of a Receiver to collect rents from and to pay obligations relating to the Property.

2. The Interim Stipulation and Consent Order Authorizing Debtor to Use Cash Collateral, Provide Adequate Protection and Related Relief, So Ordered by this Court on April 9, 2010 (Docket No. 13) ("Cash Collateral Agreement") shall remain in full force and effect.

3. The expiration date set forth in paragraph 10 of the Cash Collateral Agreement is hereby extended up to an including September 15, 2010, and may be extended thereafter by Stipulation of the parties or Order of the Court.

4. If the Cash Collateral Agreement becomes terminated pursuant to its terms and conditions and/or if a Termination Order (as defined in the Cash Collateral Agreement) is entered in this case, the Creditor may immediately seek the appointment of a Receiver to collect rents and pay obligations relating to the Property, and the Debtor agrees not to contest same.

5. The Stipulation may be executed in counterparts and by electronic signatures and each such counterpart and signature shall be deemed to be an original, but all such counterparts shall together constitute but one and the same agreement.

Dated: June 22, 2010

Jaspan Schlesinger LLP
    s/ Frank C. Dell'Amore, Esq.

By: _____
   Frank C. Dell'Amore, Esq.
   Attorneys for JP Morgan Chase Bank, N.A.
   300 Garden City Plaza
   Garden City, NY  11530
   (516) 393-8289

Backenroth Frankel and Krinsky, LLP
    s/Mark Frankel, Esq.

By:_____
   Mark Frankel, Esq.
   Attorney for Debtor
   489 Fifth Avenue
   New York, New York 10017
   (212) 593-1100

SO ORDERED:

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated: White Plains, New York
       July 2, 2010

FCD/D699059v1/M055403/C0085700